REED ET AL. *v.* THE STATE OF OHIO.

(Decided March 24, 1933.)

*Mr. J . E. Powell,* for plaintiffs in error.

*Mr. Dwight Cusick,* prosecuting attorney, for defendant in error.

LEMERT, J. This cause comes into this court upon error from the court of common pleas of Perry county, Ohio, wherein the plaintiffs in error, Clarence Reed and others, who were the defendants in the court below, were indicted, tried and convicted of the offense of burglary and larceny; the indictment upon which they were tried and convicted charging in substance as follows:

That at the county of Perry, in the state of Ohio, on or about the 20th day of September, in the year of our Lord 1932, in the night season of that day, to wit, about the hour of one at night, in the county of Perry aforesaid, into a certain barn of Lee Humphrey, there situated, did unlawfully, maliciously and forcibly break and enter, with intent then and there and thereby the personal property of the said Lee Humphrey in the said barn then and there being unlawfully to steal, take and carry away, and wheat of the value of seven dollars, of the personal property of the said Lee Humphrey, in said barn then and there being found, then and there unlawfully did steal, take and

carry away; contrary to the statute in such case made and provided and against the peace and dignity of the state of Ohio.

The petition in error contains several separate and distinct grounds of error, to all of which we deem it unnecessary in this opinion to specifically refer, and we deem it necessary to refer only to the fourth ground of error set forth in the petition, to wit, that the court erred in the exclusion or rejection of evidence offered by the defendants.

The record before us discloses that the defendants below were charged with breaking and entering a barn and taking and stealing therefrom about nineteen bushels and some pounds of wheat, at about the hour of one o'clock, a. m., on September 20, 1932. During the trial the state to maintain its case called as a witness one Joseph Gessel, who was a miller by trade, located at McConnelsville, Ohio, and the state was permitted to prove by him that the plaintiffs in error sold him fourteen bushels and ten pounds of wheat on the 21st day of September, 1932, at his mill in McConnelsville, some twenty miles east of where it was claimed the wheat was taken. The witness Gessel was questioned by the state as to what time in the day he purchased the wheat, and he testified that it was near the hour of 6:30, or between that time and 7 o'clock, on the morning of September 21st. He also testified that he identified defendants as being the parties who sold him the wheat.

After the plaintiff had rested its case the defendants sought to show by George Reed, one of the defendants, his whereabouts on the morning of September 21st, and in this connection we reproduce the following from the record:

"You are charged with taking this wheat at one o'clock in the morning of September 20, and selling it on the morning of the 21st of September, 1932;

where were you on the morning of the 21st of September?"

By Mr. Cusick, counsel for the state: "We object to the testimony of the defendant in which he attempts to prove an alibi, or to have been in a place other than the place which he is accused of having been, because of the fact that the defense has not served written notice upon the prosecutor three days prior to the day of trial as to this alibi or to the place where the defendant says he was other than the place where he was accused of having been in the indictment."

By Mr. Powell, counsel for defendants: "We are talking about the day of the sale. We couldn't possibly have known what they were going to say about the date of the sale—until they had testified as to the date of the sale, we couldn't tell whether they were going to lay that on the 19th, 20th, or 21st, or some subsequent date. The evidence now discloses that they were arrested on the 21st. Not until this testimony we couldn't tell when it was. Therefore we are not asking for the alibi on the date of the crime, but asking for the whereabouts on the date they claim we sold this wheat or where we were on that occasion."

By Mr. Cusick: "That is part of the crime. They had notice of the date they were arrested."

By Mr. Powell: "The question here is where they were on the date they were alleged to have sold this wheat according to the testimony."

By the Court: "The way the Statute reads, you have to give notice of your alibi. Objection is sustained."

By Mr. Powell, for the defendants: "Exception by defendant and propose to prove, if permitted to answer, that he and his brother at the time that the State has shown that he sold the wheat in McConnelsville, that he was then in New Lexington, Ohio, some eighteen or twenty miles from the place where the State has shown he sold the stolen wheat."

The record also discloses that one Ambrose Ault,

called on behalf of defendants, was interrogated and answered as follows:

"Q. Do you know George and Clarance Reed? A. Yes, sir, I do.

"Q. Did they buy anything at your place on the morning of the 21st of last September?"

By Mr. Cusick, for plaintiff: "Objection, based on the same grounds as heretofore given—question of alibi and notice to the State." Sustained by the court. Exceptions by defendants.

"Q. Did you see these boys on that morning?" Objection by plaintiff, unless the time was specified. Sustained by the court. "You have to give three days notice if you want to prove an alibi."

By defendants: "Exceptions to the ruling of the court, and proposed to prove by the witness, if permitted to answer, that at the time the State's testimony shows that the defendants sold the wheat at McConnelsville, defendants were in the Village of New Lexington, some eighteen or twenty miles west."

So the question squarely presents itself from this record, was the exclusion of the foregoing testimony erroneous? The record discloses that the objection was made by the prosecutor, and sustained by the court, for the reason that the defendants had not given notice to the state or prosecutor that they intended to prove an alibi. The evidence sought to be introduced on the part of the defendants below, as we view it, was not sought for the purpose of proving an alibi, that is as to the whereabouts of the defendants at the time the burglary and larceny were alleged to have been committed, to wit, about the hour of one at night on September 20th, but had to do with their whereabouts between the hours of six and seven on the morning of September 21st, keeping in mind that these defendants were accused of the offense of burglary and larceny, and were not charged with the offense of having in their possession, or selling, stolen wheat.

This evidence was sought to be introduced for the purpose of the impeachment of the witness Gessel, and we are of the opinion that the defendants were entitled to have this testimony introduced and go to the jury, and that the so-called alibi statute was not controlling, and that it was error on the part of the trial court in refusing to permit the introduction of this testimony; and that it was not only error, but prejudicial error, for which this judgment will have to be reversed.

While the evidence in this case is purely circumstantial—and we do not hesitate to say that the circumstances point strongly to the guilt of these defendants—it is with reluctance that we reverse this judgment, yet, where there is error such as we find in this case, and feeling as we do that the same is prejudicial error, we are in duty bound to reverse the case. The same is accordingly done and the case is remanded to the court of common pleas for further proceedings according to law.

*Judgment reversed and cause remanded.*

Sherick, P. J., and Montgomery, J., concur.